UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| M.G., a minor, by and through his parent and natural guardian R.G.; G.J., a minor, by and through his parent and natural guardian; C.J., on behalf of themselves and a class of those similarly situated, and BRONX INDEPENDENT LIVING SERVICES, a nonprofit organization,<br><br>       Plaintiffs,<br><br>  - against -<br><br>THE NEW YORK CITY DEPARTMENT OF EDUCATION; THE CITY OF NEW YORK, CARMEN FARIÑA, in her official capacity as Chancellor of the New York City Department of Education,<br><br>       Defendants. | **ORDER**<br><br>17 Civ. 5692 (PGG) |

PAUL G. GARDEPHE, U.S.D.J.:

    Plaintiffs M.G. and G.J., on behalf of themselves and a class of those similarly situated – children diagnosed with Asperger's Syndrome, Down syndrome, autism, and asthma – and the Bronx Independent Living Services – an independent living center serving those with disabilities – assert claims against the City of New York, the New York City Department of Education, and Carmen Fariña (Chancellor of the New York City School District) for violations of the Individuals with Disabilities Education Act, Title II of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and the New York City Human Rights Law.  (Cmplt. (Dkt. No. 1) ¶¶ 12, 15-30)

    The Complaint in this putative class action was filed on July 27, 2017.  (Id.) From the very first conference, which took place on November 21, 2017, the parties and the Court agreed that the case should be settled.  Nearly three years have passed since that first

conference, and the case has still not been resolved.  The Court has conducted nine conferences with the parties in an effort to encourage their efforts at settlement and has entered countless orders staying the litigation to accommodate ongoing settlement negotiations.  (See Dkt. Nos. 50, 55, 60, 63, 67, 75)  While seven months of delay can be attributed to the impact of the COVID-19 pandemic, there was years of delay before the pandemic struck.

At today's conference, Defendants suggested that the matter might be resolved by April 2021.  Given the history outlined above, this Court has no confidence as to when this case will be resolved.  This Court cannot permit this matter to languish further.

Accordingly, absent the submission of a detailed plan setting forth a concrete schedule as to when and how this case will be resolved, the Court will conduct weekly, in-person conferences to discuss what progress has been made in bringing this matter to resolution.  The conferences will be attended not just by the lawyers representing the parties, but also by whatever decisionmakers are responsible for the delay.

The parties will submit a joint status letter by **November 12, 2020,** setting forth how they propose to bring this matter to resolution on a reasonable schedule – a schedule that takes account of the more than three years that have passed since this lawsuit was filed.  Based on that letter, the Court will determine whether the weekly status conferences referenced above are necessary.

Dated: New York, New York
       November 5, 2020

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge