UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| M.G., a minor, by and through his parent and natural guardian R.G.; G.J., a minor, by and through his parent and natural guardian, C.J., on behalf of themselves and a class of those similarly situated; and BRONX INDEPENDENT LIVING SERVICES, a nonprofit organization,<br><br>     Plaintiffs,<br><br>-against-<br><br>THE NEW YORK CITY DEPARTMENT OF EDUCATION; THE CITY OF NEW YORK; RICHARD A. CARRANZA, in his official capacity as Chancellor of the New York City Department of Education,<br><br>     Defendants. | Case No. 1:17-CV-05692 (PGG) (KNF)<br><br>[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT, CERTIFYING SETTLEMENT CLASS, APPROVING NOTICE, AND SETTING DATES FOR FINAL APPROVAL |

  WHEREAS, on July 27, 2017, the Named Plaintiffs filed a putative class action lawsuit in the United States District Court for the Southern District of New York (No. 17-cv-05692) (the "Action") with allegations related to the provision of, inter alia, related services to certain students with individualized education programs ("IEPs") enrolled in schools operated by Defendant New York City Department of Education ("DOE") in the Bronx, including the use of Related Services Authorizations ("RSAs") for those students;

  WHEREAS, the Named Plaintiffs seek relief against the DOE and its chancellor (collectively "DOE") including alleged violations of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq.*, Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794,

("Section 504"), and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101, *et seq.*;

WHEREAS, the Named Plaintiffs and DOE (collectively, the "Parties"), through their respective counsel have entered into a Stipulation of Settlement, dated January 22, 2021, which if approved by the Court resolves the claims raised in this Action by Plaintiffs and provides for the dismissal of the City of New York as Defendant;

WHEREAS the Plaintiffs have moved the Court, pursuant to Rule 23(e)(1)(c) for (i) certification of a plaintiff class; (ii) preliminary approval of the proposed Settlement, a copy of which is annexed as Exhibit 4 to the Seaborn Declaration dated January 22, 2021; (iii) approval of the Notice of Proposed Settlement of Class Action ("Class Notice"), annexed as Exhibit A to Exhibit 4 to the Seaborn Declaration; (iv) approval of a plan for providing notice to the class proposed to be certified, as set forth below; and (v) assuming the preliminary approval is granted, for a Fairness Hearing to be conducted no earlier than 104 days after the date that preliminary approval is granted; and

WHEREAS DOE does not oppose the Plaintiffs' Motion;

WHEREAS the Court has presided over proceedings in the above-captioned action and has reviewed the pleadings and papers on file, and finds good cause appearing,

IT IS HEREBY ORDERED AS FOLLOWS:

1. Unless otherwise stated, the terms in this Order have the meaning set forth in the Settlement Agreement (Seaborn Decl., Exhibit 4).

2. The Court has jurisdiction over the subject matter of this action and personal jurisdiction over the representative Plaintiffs, the proposed certified class, and the Defendants.

3. The action is certified as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on the following terms:

   a. The proposed Class is certified pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure for purposes of settlement as follows:

      All students with individualized education programs ("IEPs") (a) who, during the period from July 27, 2015, to the last day of the Court's jurisdiction to enforce this Agreement, including any extensions thereof ("Ending Date"), attend, have attended, or will attend public schools operated by the New York City Department of Education ("DOE") and located in the Bronx; (b) whose IEPs include recommendations for one or more related services, as defined in this Agreement, or did recommend such services during the period between July 27, 2015, and the Ending Date; and (c) who are eligible to receive related services under the Individuals with Disabilities Education Act. Students with IEPs who attended a DOE public school located in the Bronx between July 27, 2015, and March 13, 2020, but as of the date of this Agreement do not attend a DOE public school located in the Bronx, must have had an RSA issued on or after July 27, 2015, while they attended a DOE school in the Bronx, but did not receive their related services pursuant to such RSA during the period between July 27, 2015, and March 13, 2020.

   b. The class meets the requirements for class certification under Rule 23(a) of the Federal Rules of Civil Procedure because (1) the number of class members is so numerous that joinder of all class members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims of the Named Plaintiffs are typical of those of the class; and (4) the Named Plaintiffs and their counsel will fairly and adequately protect the interests of the class.

   c, As required by Rule 23(a)(1) of the Federal Rules of Civil Procedure, the class is "so numerous that joinder of all members is impracticable." There are at least hundreds of individuals who meet the class definition. Moreover, the class composition is fluid.

d.  As required by Rule 23(a)(2) of the Federal Rules of Civil Procedure, there are a number of questions of law or fact common to the class. These questions include whether students with IEPs who attend school at DOE schools located in the Bronx are provided the related services listed on their IEPs as required by the IDEA and New York State Education Law, and, if they are issued RSAs because the DOE has not provided services directly, whether they are able to invoke the RSAs to obtain the recommended related services.

e.  As required by Rule 23(a)(3) of the Federal Rules of Civil Procedure, the Named Plaintiffs' claims are typical of the claims of the class. Each class member's claims arise from their entitlement to receive related services, and all class members would benefit from the Named Plaintiffs' actions and the relief afforded under the proposed Stipulation of Settlement.

f.  As required by Rule 23(a)(4) of the Federal Rules of Civil Procedure, the Named Plaintiffs fairly and adequately protect the interests of the plaintiff class in that (i) Plaintiffs M.G., G.J., and Bronx Independent Living Services do not have interests that are antagonistic to the interests of the class because all allege harm by DOE's conduct and all will benefit from the relief requested in the Action; and (ii) the proposal class counsel, Disability Rights Advocates, are qualified, experienced, and capable of protecting and advancing the interests of the class.

g.  As required by Rule 23(b)(2) of the Federal Rules of Civil Procedure, the Defendant, DOE, has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief is appropriate respecting the class as a whole.

      h.   Nothing contained herein shall be deemed to constitute a finding that any of DOE's alleged actions or omissions violated Plaintiffs' rights under any federal or State law. No finding contained herein shall be considered binding or precedential against DOE in any action unrelated to the instant proceeding.

4.   The Court hereby appoints Plaintiffs M.G., G.J, and Bronx Independent Living Services as Class representatives.

5.   The Court hereby appoints Disability Rights Advocates, Plaintiffs' attorneys of record, as Class Counsel.

6.   The Proposed Settlement Agreement is the product of arm's length, serious, informed and non-collusive negotiations between experienced and knowledgeable counsel.

7.   The Proposed Settlement Agreement is fair and warrants the dissemination of notice to the Class members apprising them of the Settlement.

8.   The Court hereby grants preliminary approval of the terms and conditions contained in the proposed Settlement Agreement. The Court preliminarily finds that the terms of the Settlement Agreement appear to be within the range appropriate for possible approval, pursuant to Rule 23(c) of the Federal Rules of Civil Procedure and applicable law.

9.   The Court hereby approves the Class Notice annexed as Exhibit A to Exhibit 4 of the Seaborn Declaration.

10.   Within thirty (30) days of this Order Granting Preliminary Approval, the written notice of the Settlement (i.e., the Full Notice and the Short Form Notice (collectively, the "Notice") shall be disseminated to the Class, substantially in the form attached as Exhibit A to Exhibit 4 to the Declaration of Stuart Seaborn by the following means:

- Class Counsel and DOE will each post in a prominent place on their respective websites

copies of the Notice — i.e., Full Notice and Short Form Notice.

- Class Counsel will further distribute the Notice to stakeholders and provide it through relevant email listservs, and Plaintiff BILS will post the Notice on its website and/or social media.

- DOE will email the Notice to the families of all current Class Members (current as of the date of Preliminary Approval) for whom the DOE has email addresses.

11. The Notice constitutes valid, due, and sufficient notice to the Class, constitutes the best notice practicable under the circumstances, and complies fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure. The proposed Notice apprises Class members in a fair and neutral way of the existence of the Settlement Agreement and their rights with respect to the Settlement Agreement.

12. The reasonable expense of giving notice to the Class, as ordered by the Court, shall be paid by Defendants. Dissemination of the Notice as provided above is hereby authorized and approved, and satisfies the notice requirement of Rule 23(e) of the Federal Rules of Civil Procedure.

13. A hearing is appropriate to consider whether this Court should grant final approval to the Settlement Agreement, and to allow adequate time for members of the Class, or their counsel, to support or oppose this settlement. The Court will schedule a fairness hearing at least 104 days from the date of this order to permit notification of the proposed settlement to relevant authorities pursuant to 28 U.S.C. § 1715 of the Class Action Fairness Act.

14. A Fairness Hearing pursuant to Rule 23(e), Federal Rules of Civil Procedure, shall be held before the undersigned on June 22, 2021 at 10:00 a.m./~~p.m.~~ in the United States District Court for the Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007, Courtroom 705, to determine whether the proposed

settlement is fair, reasonable, and adequate, and whether it should be finally approved by the Court. The hearing may be continued from time to time without further notice. The Fairness Hearing may be held remotely.

15. At least twenty-one (21) days before the Fairness Hearing, DOE and Class Counsel will provide declarations to the Court attesting that they each disseminated the Notice.

16. Any member of the Class may enter an appearance on his or her own behalf in this action through that Class member's own attorney (at their own expense) but need not do so. Class members who do not enter appearances through their own attorneys will be represented by Class Counsel.

17. Any member of the Class may object to the proposed Settlement Agreement. Any member of the Class who wishes to object must do so in writing, and all objections must be postmarked by thirty (30) days prior to the Fairness Hearing, (postmark date is _____May 22_____, 2021), and must be sent to the Court, DOE, and Disability Rights Advocates at the addresses listed in the Notice.

18. Any Class Member who fails to properly and timely file and serve objections or comments shall be foreclosed from objecting to the Stipulation of Settlement, unless otherwise ordered by the Court. Any member of the Class may also request permission to speak at the Fairness Hearing by submitting a request in writing as outlined above, postmarked by this same deadline.

19. Class Counsel and DOE will respond to any timely filed objections not later than twenty-one (21) days prior to the Fairness Hearing.

20. Plaintiffs will file their Motion for Final Approval of Settlement no later than twenty-one (21) days before the Fairness Hearing.

21. If for any reason the Court does not endorse the Stipulation of Settlement without material alteration, the proposed Settlement Agreement and all evidence and proceedings in connection with the Settlement shall be null and void *nunc pro tunc.*

22. The Court further orders that pending further order from the Court, all proceedings in this Action, except those contemplated herein and in the Stipulation of Settlement, shall be stayed.

IT IS SO ORDERED

DATED: _____March 6_____, 2021

_____
The Honorable Paul G. Gardephe
United States District Judge