UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

---

M.G., a minor, by and through his parent and natural guardian R.G.; G.J., a minor, by and through his parent and natural guardian, C.J., on behalf of themselves and a class of those similarly situated; and BRONX INDEPENDENT LIVING SERVICES, a nonprofit organization,

                Plaintiffs,

-against-

THE NEW YORK CITY DEPARTMENT OF EDUCATION; THE CITY OF NEW YORK; MEISHA PORTER, in her official capacity as Chancellor of the New York City Department of Education,

                Defendants.

Case No. 1:17-CV-05692 (PGG) (KNF)

[PROPOSED] ORDER GRANTING MOTION FOR FINAL APPROVAL OF SETTLEMENT AGREEMENT

---

**PLAINTIFFS HAVE MADE AN APPLICATION** to the Court for an order finally approving the settlement in this action with Defendants the New York City Department of Education and Meisha Porter, in her official capacity as the Chancellor of the New York City Department of Education (collectively, the "DOE"), in accord with the Parties' Settlement Agreement, which sets forth the terms and conditions of a proposed settlement and dismissal of the action upon the terms and conditions set forth therein. The DOE does not oppose this motion. Having read the papers submitted and carefully considered the arguments and relevant legal authority, and good cause appearing, the Court GRANTS Plaintiffs' Motion for Final Approval of the Settlement Agreement.

    **NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

        1.     The Court hereby grants final approval of the Proposed Settlement Agreement

(the "Settlement Agreement").  The Court finds that the Settlement Agreement is fair, adequate, and reasonable to all known and potential Class members.

2. It further appears that attorneys for all Parties conducted extensive evaluation of the merits of this case such that they were able to reasonably evaluate their respective positions. It also appears that the Settlement Agreement will, at this time, avoid substantial additional costs to all Parties, as well as avoid the delay and the risks inherent in further litigation.  The Court has reviewed the relief granted by the Settlement Agreement and recognizes the significant value to the Plaintiff Class of the injunctive relief set forth therein.

3. It further appears that the Settlement Agreement has been reached as the result of intensive, prolonged, serious, and non-collusive arm's-length negotiations.  Such negotiations have included multiple in-person and telephonic settlement sessions conducted over the course of over two years.  The Settlement Agreement resolves the matter in a just and fair way for all Parties.  The Settlement Agreement was informed by the Parties' joint expert and was the result of the work of experienced and competent counsel.

4. The Court finds that the DOE served proper notice of the Settlement under the Class Action Fairness Act.

5. The Court finds that the distribution of notice by all parties was done in a manner and form consistent with the Court's March 6, 2021 Order Granting Preliminary Approval of Class Settlement, Certifying Settlement Class, Approving Notice, and Setting Dates for Final Approval and meets the requirements of both due process and Rules 23(c)(2) and 23(e) of the Federal Rules of Civil Procedure.  This notice consisted of:

- Class Counsel and the DOE posted the Full Notice and Short Form Notice in a prominent place on their respective websites.

- Class Counsel distributed the Notice to stakeholders and a relevant email listserv, and Plaintiff BILS posted the Notice on its social media account.

- The DOE emailed the Notice to the families of all current Class Members (current as of the date of Preliminary Approval) for whom the DOE had email addresses.

6. The notice provided was the best practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

7. The Court retains continuing jurisdiction over this matter for a period of time of three school years up through the Termination Date, as defined in the Settlement Agreement, in order to supervise the implementation, enforcement, construction, and interpretation of the Settlement Agreement and this Order and to be able to determine the amount of an award of attorneys' fees and costs, to which Class Counsel is entitled, if the Parties are unable to reach an agreement as to that amount and seek the Court's assistance.

IT IS SO ORDERED

DATED: June 22, 2021

_____
The Honorable Paul G. Gardephe
United States District Judge