MEMO ENDORSED

Filed via ECF
Hon. Paul G. Gardephe
Southern District of New York
40 Foley Square
New York, NY 10007

The application is granted.

SO ORDERED.

*Paul G. Gardephe*

Paul G. Gardephe
United States District Judge

November 19, 2021

Re:   *M.G. et al., v. New York City Department*
17-cv-05692 (PGG) (KNF)

Dear Judge Gardephe:

The parties to the above-entitled action jointly submit this letter motion to supplement their September 20, 2021 application for payment of class representative service awards to the individual Plaintiffs' guardians ad litem, pursuant to the Court's November 9, 2021 order, so that it complies with the requirements of C.P.L.R. § 1208.

On September 13, 2017, this Court granted the application of each of the individual Plaintiffs' mothers to serve as their respective guardians ad litem in this action. ECF Nos. 27, 28. On June 22, 2021, the Court granted final approval of the parties' settlement, ECF. No. 112. This settlement includes a provision under which the New York City Department of Education ("DOE") agreed to pay $2,000 each in class representative service awards to the two individual Plaintiffs. ECF No. 99-4 at 22.

The parties now seek an order, consistent with their settlement, directing payment to Plaintiffs' guardians ad litem, for the benefit of the infant Plaintiffs. Under C.P.L.R. § 1206(b), regarding the disposition of proceeds from the claim of an infant, a person judicially declared as incompetent, or a conservatee, "if the value of the property does not exceed ten thousand dollars the court may order the property distributed to a person with whom such infant, incompetent or conservatee resides or who has some interest in his welfare to be held for the use and benefit of such infant, incompetent or conservatee." C.P.L.R. § 1206(b).

Here, the class member service awards to M.G. and G.J. are each under $10,000. The Court has already determined that Plaintiffs' mothers R.G. and C.J. are competent to appropriately represent the interests of their children. *See also* Declaration of R.G. in Support of Application for Guardian Ad Litem, ECF No. 24 at 4; Declaration of C.J. in Support of Application for Guardian Ad Litem, ECF No. 25 at 3.

The declarations of R.G. and C.J. pursuant to C.P.L.R. § 1208(a) further demonstrate that R.G. and C.J. are appropriate recipients for these funds. R.G. and C.J. reside with their respective children, have interest in their welfare, and will hold the funds for the use and benefit of their respective children. Ex. A (Declaration of R.G. pursuant to C.P.L.R. § 1208(a)); Ex. B (Declaration of C.J. pursuant to C.P.L.R. § 1208(a)).

The individual Plaintiffs are both represented by counsel—attorneys at Disability Rights Advocates. Ex. C (Declaration of Rebecca Serbin pursuant to C.P.L.R. § 1208(b)).

1

This application does not include a medical or hospital report under C.P.L.R. § 1208(c) as this action did not include a claim for personal injuries to the minor Plaintiffs. The Court may hold a hearing on this matter under C.P.L.R. § 1208(d) but is not required to do so under the statute.

It is the parties' understanding that this supplemental request now meets all the requirements for compliance with C.P.L.R. § 1208.

We thank the Court for its assistance in this matter.

Dated: November 16, 2021

| | |
|---|---|
| DISABILITY RIGHTS ADVOCATES | GEORGIA M. PESTANA |
| Attorneys for Plaintiffs and Class Counsel | Corporation Counsel of the City of New York |
| 655 Third Avenue, 14th Floor | |
| New York, New York 10017 | Attorneys for Defendant DOE |
| (212) 644-8644 | 100 Church Street, Room 2-195 |
| | New York, New York 10007 |
| | (212) 356-2085 |

_____
Rebecca C. Serbin

_____/s/_____
Janice Birnbaum

# EXHIBIT A

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| M.G., a minor, by and through his parent and natural guardian R.G.; G.J., a minor, by and through his parent and natural guardian, C.J., on behalf of themselves and a class of those similarly situated; and BRONX INDEPENDENT LIVING SERVICES, a nonprofit organization,<br><br>        Plaintiffs,<br><br>-against-<br><br>THE NEW YORK CITY DEPARTMENT OF EDUCATION; THE CITY OF NEW YORK; MEISHA PORTER, in her official capacity as Chancellor of the New York City Department of Education,<br><br>        Defendants. | Case No. 1:17-CV-05692 (PGG) (KNF)<br><br>**DECLARATION OF R.G. IN SUPPORT OF APPLICATION FOR INFANT COMPROMISE ORDER** |

I, R.G., hereby declare:

1. My name is R.G. and I live in the Bronx, New York. I am M.G.'s mother.

2. My son M.G. is 13 years old and lives in the Bronx, New York with me and our family.

3. M.G. has autism and has weak muscle tone in his hands. He requires occupational therapy ("OT") as part of his Individualized Education Program ("IEP") at school.

4. In 2013, M.G. started kindergarten at a public school in the Bronx. M.G.'s 2013-2014 IEP listed occupational therapy ("OT") as a related service in order to help him develop his writing ability, especially because of the weak muscle tone in his hands. However, the DOE did not provide M.G. with any OT at all during the 2013-14 school year.

5. I had to go to mediation and an impartial administrative hearing to get an RSA for M.G. for the OT he missed. I then spent years trying to get M.G. his OT through the RSA and was never successful, even after filing another due process complaint to get the DOE to increase the rate for the RSA. My lawyer and I called over forty OT providers from the DOE's list and every one was either unavailable, unwilling to travel to me to provide the services, or could only provide the services during school hours.

6. After more than three years of attempts, I was never able to use the RSA to get M.G. the OT services he missed.

7. I joined this case on M.G.'s behalf in order to improve this system for all children with disabilities in the Bronx.

8. M.G. did not seek damages in this case and this case does not involve personal injuries, but M.G. did experience significant harm to his educational progress because of the missed services.

9. Under the settlement, the Department of Education has agreed to make changes to how it provides services to students with disabilities in the Bronx. The DOE will also be paying attorneys' fees to Disability Rights Advocates, the lawyers who represented us, the other class representatives, and the class in this case.

10. The DOE also agreed to provide missed services to M.G., and $2,000 to compensate him for the time we have spent being involved in this case since 2017, and for the risk we took bringing a case against the DOE. I approve of this settlement and proposed distribution of this settlement.

11. There is no other motion or petition to settle this claim or recover on this claim.

DocuSign Envelope ID: 4AEA92AC-3D1A-4D89-B1D1-9AE169EA58F1

12. I have not received reimbursement for medical or other expenses from any source on this claim.

13. No other member of our family has made a claim for damages related to this issue.

14. If the payment of the class representative service award is issued to me as M.G.'s guardian, I will hold those funds for the use and benefit of M.G.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 16th, 2021, in Bronx, NY

*RG*

R.G.

3

# EXHIBIT B

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| M.G., a minor, by and through his parent and natural guardian R.G.; G.J., a minor, by and through his parent and natural guardian, C.J., on behalf of themselves and a class of those similarly situated; and BRONX INDEPENDENT LIVING SERVICES, a nonprofit organization,<br><br>          Plaintiffs,<br><br>-against-<br><br>THE NEW YORK CITY DEPARTMENT OF EDUCATION; THE CITY OF NEW YORK; MEISHA PORTER, in her official capacity as Chancellor of the New York City Department of Education,<br><br>          Defendants. | Case No. 1:17-CV-05692 (PGG) (KNF)<br><br>**DECLARATION OF C.J. IN SUPPORT OF APPLICATION FOR INFANT COMPROMISE ORDER** |

I, C.J., hereby declare:

1. My name is C.J. and I live in the Bronx, New York. I am G.J.'s mother.

2. My son G.J. is 17 years old and lives in the Bronx, New York with me and our family.

3. G.J. has been diagnosed with Down syndrome, autism, and asthma. He has significant difficulty with his fine motor skills and requires occupational therapy ("OT") to develop prewriting skills.

4. In the 2015-2016 school year, G.J. was supposed to receive OT at school, but he did not start actually getting OT until the last month of the school year. In the 2016-2017 school year, he was again supposed to get OT at school. Around October, after receiving no

1

information about whether or not G.J. was getting his OT, I asked the school and they told me he was not

5. In around December 2016, we were given a Related Service Authorization ("RSA") voucher with a long list of possible providers. I found the RSA voucher in G.J.'s backpack. The DOE offered no support in figuring out how to use this voucher.

6. I reviewed the documents the DOE sent, but was deterred from inquiring further because of my lack of transportation options and childcare options for my other children that would be necessary to get G.J. to services outside of school hours.

7. G.J. never received the OT he was supposed to get during the 2016-2017 school year.

8. I joined this case on G.J.'s behalf in order to improve this system for all children with disabilities in the Bronx.

9. G.J. did not seek damages in this case and this case does not involve personal injuries, but G.J. did experience significant harm to his educational progress because of the missed services.

10. Under the settlement, the Department of Education has agreed to make changes to how it provides services to students with disabilities in the Bronx. The DOE will also be paying attorneys' fees to Disability Rights Advocates, the lawyers who represented us, the other class representatives, and the class in this case.

11. The DOE also agreed to provide missed services to G.J., and $2,000 to compensate him for the time we have spent being involved in this case since 2017, and for the risk we took bringing a case against the DOE. I approve of this settlement and the proposed distribution of this settlement.

12. There is no other motion or petition to settle this claim or recover on this claim.

13. I have not received reimbursement for medical or other expenses from any source.

14. No other member of our family has made a claim for damages related to this issue.

15. If the payment of the class member service award is issued to me as G.J.'s guardian, I will hold those funds for the use and benefit of G.J.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 15, 2021, in Bronx, NY



C.J.

3

# EXHIBIT C

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| M.G., a minor, by and through his parent and natural guardian R.G.; G.J., a minor, by and through his parent and natural guardian, C.J., on behalf of themselves and a class of those similarly situated; and BRONX INDEPENDENT LIVING SERVICES, a nonprofit organization,<br><br>             Plaintiffs,<br><br>-against-<br><br>THE NEW YORK CITY DEPARTMENT OF EDUCATION; THE CITY OF NEW YORK; MEISHA PORTER, in her official capacity as Chancellor of the New York City Department of Education,<br><br>             Defendants. | Case No. 1:17-CV-05692 (PGG) (KNF)<br><br>**DECLARATION OF REBECCA SERBIN IN SUPPORT OF APPLICATION FOR INFANT COMPROMISE ORDER** |

I, Rebecca Serbin, hereby declare:

1. I am a Senior Staff Attorney at Disability Rights Advocates ("DRA") and have been counsel for M.G., G.J., and Bronx Independent Living Services ("BILS") (collectively, "Plaintiffs") in this action since it was filed in 2017. These statements made in this declaration are made of my own personal knowledge. If called as a witness, I could and would testify competently to the facts set forth in this declaration.

2. I submit this declaration pursuant to C.P.L.R. § 1208(b).

3. On September 13, 2017, this Court granted the application of each of the individual Plaintiffs M.G. and G.J.'s mothers, R.G. and C.J., to serve as their respective guardians ad litem in this action. ECF Nos. 27, 28.

1

4.      On June 22, 2021, the Court granted final approval of the parties' settlement, ECF No. 112.

5.      I recommended the settlement in this action to my clients M.G. and G.J., by and through their guardians ad litem R.G. and C.J., as the settlement includes significant relief for both the class and M.G. and G.J. individually.

6.      The settlement primarily contains significant injunctive relief for the benefit of the class. Under the settlement, the DOE has agreed to make important changes to its policies, practices, and procedures surrounding the provision of related services (such as occupational therapy and speech therapy) to students with disabilities in the Bronx.

7.      The settlement also includes compensatory education for M.G. and G.J. to make up for the services each missed because they received related service authorization ("RSA") vouchers that they were unable to use.

8.      Additionally, the settlement includes a provision under which the New York City Department of Education ("DOE") agreed to pay $2,000 each in class representative service awards to the two individual Plaintiffs. ECF No. 99-4 at 22.

9.      These funds will compensate M.G. and G.J. for the time their families expended over the nearly four years between the filing of this class action lawsuit and final approval of the settlement, their service to the class, and for their families' risk of bringing this case against the DOE while their children remained students in DOE schools (or in a private placement funded by the DOE, as was the case for M.G. during some of the course of this litigation).

10.     DRA neither directly nor indirectly became concerned in the settlement at the instance of a party or person opposing, or with interests adverse to, the minor Plaintiffs. DRA has not and will not receive any compensation from any such party.

11. In addition to representing M.G. and G.J., DRA represents organizational Plaintiff BILS in this matter and was certified by this Court as Class Counsel. M.G., G.J., and BILS have each been appointed class representatives in this matter, and DRA is not aware that any of the class representatives have interests conflicting with the interests of any other class representatives or with the class.

12. The services I and my colleagues at DRA have rendered on behalf of M.G. and G.J. in this matter include conducting a pre-litigation investigation, filing the Complaint, extensive settlement negotiations aided by the expertise of the parties' joint expert, and moving for and obtaining final approval of the class action settlement.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 16, 2021, in New York, NY

*Rebecca C. Serbin*

_____

Rebecca C. Serbin